**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

ERICA NEVITT,                    ]
                                 ]
    Plaintiff(s),                ]
                                 ]
vs.                              ]   CV-97-N-0006-S
                                 ]
VOLKSWAGEN CREDIT, INC.          ]
and CROWN AUTOMOTIVE             ]
COMPANY, INC.,                   ]
                                 ]
    Defendant(s).                ]

FILED
97 FEB 27 PM 3:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
FEB 2 8 1997

### Memorandum of Decision

The court has for consideration the motion to dismiss and for judgment on the pleadings filed by defendant Volkswagen Credit, Inc. ("VCI") on January 22, 1997, and the motion to dismiss filed by defendant Crown Automotive Company, Inc. ("Crown") on January 24, 1997. The motions have been briefed and are ripe for decision. Because the pleadings demonstrate that the plaintiff is not entitled under any set of provable facts to the relief she seeks the defendants are entitled to dismissal for failure to state a claim upon which relief can be granted.

For purposes of ruling on a motion to dismiss, the allegations of the complaint are taken as true and are construed most favorably to the plaintiff. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts . . . which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A complaint may be dismissed when the allegations demonstrate that the plaintiff does not have a claim. *Bruce v. Wade*,

537 F.2d 850, 852 (5th Cir. 1976); *Hepperle v. Johnston*, 544 F.2d 201 (5th Cir. 1976).

The plaintiff asserts that she entered into an automobile lease agreement with defendant Crown on or about September 1, 1995, on a form which is standard to VCI and is used by VCI throughout the United States of America. She was required under the terms of the lease to make a security deposit of $225.00 which is to be refunded at the end of the lease term. According to the complaint the defendants have and will continue to earn interest on the security deposit but have not credited or remitted said interest to her. The plaintiff claims that under the terms of *Ala. Code*, § 7-9-207(2) she, and the putative class members she seeks to represent, are entitled to any interest earned by the defendants on such security deposits. She also seeks compensatory and punitive damages.

*Ala. Code*, section 7-9-207(2), in pertinent part, provides:

(2) *Unless otherwise agreed*, when collateral is in the secured party's possession:

* * * * *

(c) The secured party may hold as additional security any increase or profits (except money) received from the collateral, but money so received, unless remitted to the debtor, shall be applied in reduction of the secured obligation.

(emphasis supplied). The lease agreement in question, which is attached to and thus made a part of the complaint, provides in Paragraph 15:

15. **REFUNDABLE SECURITY DEPOSIT.** You agree to pay Lessor the Refundable Security Deposit shown on the front of this Lease [Paragraph 3B(3)]. The Refundable Security Deposit will be returned to you at lease termination. However, any amount you owe under the terms of the Lease and do not pay will be deducted from the

2

> Refundable Security Deposit otherwise payable to you. *The Security Deposit will not bear interest during or after the Lease Term.*

(emphasis supplied). The plaintiff argues that "the plaintiff *never* agreed that the defendants could retain . . . interest or other profits rather than remitting or crediting the same to the plaintiff's account."

Under her interpretation of the contract language the plaintiff would introduce an ambiguity where there is none. The court, instead, will give the words that the plaintiff signed onto their ordinary and usual meaning.[1] The plain meaning of the plaintiff's words, in the context of Paragraph 15, is that she foreswore any right she might otherwise have to receive interest or other increase in the value of her security deposit. That is something she was allowed to do under § 7-9-207(2), and that is what she did. The court will not hear her to put her own peculiar spin on her words now.

The defendants' motions to dismiss will be granted and the complaint dismissed with prejudice. Because the plaintiff does not state a claim even if the security deposit is subject to the provisions of § 7-9-207(2), the court does not reach the VCI argument that the deposit is not a security interest covered by the statute.

---

[1] If plaintiff's counsel wishes to write fairy tales, he should remember they most often begin with "Once upon a time . . ."

3

Done, this ___26th___ of February, 1997.

*[signature]*

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

4